Order Entered on
February 22, 2010
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re


                                              Debtor.

BANKRUPTCY NO.

Date of Hearing:
Time of Hearing:
Name of Judge:


DATED:  February 19, 2010

_____
Judge, United States Bankruptcy Court

1. Debtor did not file a Certificate of Credit Counseling with the petition in this case. Instead, Debtor filed a Certificate of Exigent Circumstances and Motion for Extension of Time to File Certificate of Credit Counseling pursuant to 11 U.S.C. § 109(h)(3) ("Motion").

2. The Motion indicated that Debtor was unable to obtain credit counseling during the 180 day period prior to the filing of the bankruptcy petition because "Debtor is facing foreclosure of their home. The foreclosure sale is set for the day of this filing, 2/17/10."

3. Under 11 U.S.C. § 109(h)(3), the Court may grant the Debtor additional time to file the Certificate of Credit Counseling if the Debtor submits a certification that describes exigent circumstances that merit a waiver of the requirement that the Debtor obtain credit counseling within the 180 day period prior to filing of the petition, states that the Debtor requested credit counseling services from an approved agency but was unable to obtain the services during the 5-day period beginning on the date the Debtor made the request, AND that the Debtor's explanation is satisfactory to the Court.

4. The Congressional goal in enacting §109(h)(1), found in the legislative history, stressed the importance placed upon the requirement that a person participate in credit counseling programs BEFORE FILING for bankruptcy relief, unless special circumstances do not permit such participation. The legislation's credit counseling provisions are intended to give consumers in financial distress an opportunity to learn about the consequences of bankruptcy, such as the potentially devastating effect it can have on their credit rating, BEFORE they decide to file for bankruptcy relief.

5. The Debtor did not describe any exigent circumstance to explain the urgency to file the petition before obtaining the required credit counseling. The Court does not consider a pending foreclosure, unlawful detainer or repossession to qualify as an exigent circumstance. State law requires prior notice of such creditor actions and that notice period should provide a person with sufficient time to obtain the required credit counseling and become fully informed before filing a bankruptcy petition.

6. The Court finds the Debtor's Certification filed with the Motion is not meritorious or satisfactory. The provisions of the Bankruptcy Code are clear. A person is not entitled to participate as a Debtor in a Title 11 case unless the person either obtains the credit counseling during the 180 days prior to the filing or convinces the Court that exigent circumstances existed justifying a post-petition filing.

THEREFORE, Debtor having failed to provide a certification that satisfies the requirements of §109(h)(3) to justify the failure to obtain credit counseling during the 180 days prior to the filing of this case, and this Court having determined that Debtor is not qualified to participate as a debtor in a proceeding under Title 11 of the United States Code without such counseling,

IT IS HEREBY ORDERED that the Motion is denied, and this case is DISMISSED.

*Signed by Judge James W. Meyers February 19,2010*